# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  v.  **BRIANNA LYNN JACOBSON (01),**  Defendant. | Case No. 10-40011-01-DDC |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Brianna Lynn Jacobson's pro se[1] "Motion Requesting Modification under Title 18 USC 3582 Pursuant to Johnson v. United States Decision Due Process Violation" (Doc. 38). The court denies Ms. Jacobson's motion because it lacks jurisdiction to modify her sentence.

On April 28, 2010, Ms. Jacobson pleaded guilty to conspiracy to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine—a violation of 21 U.S.C. § 846. The court sentenced her on January 21, 2011. Ms. Jacobson's total offense level was 40 and her criminal history category was V. Her resulting guideline range was 360 months to life. The court sentenced Ms. Jacobson, however, to 120 months in prison, the mandatory minimum for the offense. Ms. Jacobson now asks the court to reduce that sentence under § 3582.

---

[1] Because plaintiff proceeds pro se, the court construes her pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for plaintiff. *Id.* Nor does plaintiff's pro se status excuse her from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

"Federal courts, in general, lack jurisdiction to reduce a term of imprisonment once it has been imposed." *United States v. McKinney*, No. 06-20078-01-JWL, 2015 WL 13357588, at *1 (D. Kan. Nov. 12, 2015) (citing *Freeman v. United States*, 564 U.S. 522, 526 (2011)). "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). Congress has chosen to confer limited statutory authority in 18 U.S.C. § 3582(c). It provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>>
>>>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>>
>> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Here, Ms. Jacobson seeks a sentence reduction because, she says, her sentence violates Due Process. Specifically, Ms. Jacobson attacks the sentencing guideline calculation. This type of challenge is not one of the exceptions identified by § 3582(c). The court thus lacks jurisdiction to modify Ms. Jacobson's sentence.

Accordingly, the court denies Ms. Jacobson's "Motion Requesting Modification under Title 18 USC 3582 Pursuant to Johnson v. United States Decision Due Process Violation" (Doc. 38) for lack of jurisdiction.

**IT IS SO ORDERED.**

**Dated this 6th day of June, 2018, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**